UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI R.,<br><br>                 Plaintiff,<br>v.<br>Andrew M. SAUL,<br><br>                Defendant. | Case No.: 21-cv-0919-AGS<br><br>**ORDER GRANTING PLAINTIFF'S IN FORMA PAUPERIS STATUS (ECF 4)** |

    Plaintiff moves to proceed in forma pauperis (IFP). Plaintiff qualifies to proceed without paying the initial filing fee, and her complaint states a claim for relief. So, the Court grants plaintiff's motion.

### Motion to Proceed In Forma Pauperis

    Typically, parties instituting a civil action in a United States district court must pay a filing fee of $402.[1] See 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

    Here, plaintiff owns one asset—a car which she lives in—and has no cash on hand. She receives $249 a month in food stamps and $500 a year from a student loan. (ECF 4, at 2-3.) Plaintiff's normal monthly expenses are $673. (*Id*. at 4-5.) The Court finds that plaintiff has sufficiently shown an inability to pay the initial $402 fee. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("It is well-settled that a party need not be completely destitute to proceed IFP.").

---

[1] In addition to the $350 statutory fee, civil litigants must pay an administrative fee of $52. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

**28 U.S.C. § 1915(e) Screening**

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must set forth sufficient facts to support the legal conclusion that the Commissioner's decision was incorrect. "[T]o survive the Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision," (2) "indicate the judicial district in which the plaintiff resides," (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 31, 2018) (alteration and citation omitted).

Plaintiff meets all four elements to survive a § 1915(e) screening. First, plaintiff "exhausted all administrative remedies by seeking review with the Appeals Council," which denied her request on "March 24, 2021." (ECF 1, at 3.) Next, plaintiff claims to reside in Escondido, California "within the jurisdictional boundaries of this Court." (*Id*. at 1.) The complaint also states the nature of plaintiff's disability: "a history of breast cancer, peripheral neuropathy, obesity, and a history of thrombosis and embolism in the left popliteal femoral vein" which rendered her disabled since "February 15, 2019." (*Id*. at 2-3.) Finally, plaintiff identifies the nature of her disagreement with the Social Security Administration's determination, arguing first that the ALJ "did not state clear and convincing reasons for rejecting [her] symptom and limitation testimony" and "did not properly weigh the medical evidence that [she] had more limitations." (*Id*. at 3.) She also claims that "the past relevant work identified by the ALJ was not substantial gainful activity and does not constitute past relevant work under the regulations," and "disability

is warranted at the light exertional range of work based upon [her] age and inability to perform her . . . past work." (*Id*.) Based on these allegations, plaintiff's complaint is sufficient to survive the "low threshold" for proceeding past the § 1915(e) screening. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

## Conclusion

For the reasons set forth above, the Court grants plaintiff's IFP motion.

Dated: May 14, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge